UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUSTIN WARNER,<br><br>    Plaintiff,<br><br>v.<br><br>THE PENN AIR GROUP, INC., and PENN AIR CONTROL, INC., a California corporation,<br><br>    Defendants. | Case No.: 13-CV-1354<br><br>**ORDER RE PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION TO DISMISS**<br><br>**(Re: Docket No. 13, 19)** |

On March 26, 2013, Defendants The Penn Air Group, Inc., and Penn Air Control, Inc. ("Penn Air") removed to this court this action originally filed by Plaintiff Justin Warner ("Warner") in Santa Clara Superior Court. Warner now moves to remand; Penn Air opposes and brings a motion to dismiss on the same issue. Having considered the papers and the arguments of counsel presented earlier today, the court GRANTS the motion to remand and DENIES AS MOOT the motion to dismiss. The court sets forth its reasoning below.

This case is centered around an employment dispute. Warner is subject to a Collective Bargaining Agreement ("CBA"). Upon removal to federal court, Warner timely amended the complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A) to allege only state law claims: failure to pay wages and overtime, failure to indemnify employee for necessary business

1

Case No.: 13-1354
ORDER

expenditures, breach of contract, failure to pay wages due at termination, wrongful termination in violation of public policy, UCL violations.  Crucially, the amended complaint omits the claim for breach of contract regarding the collective bargaining agreement.

Ordinarily, under the well-pleaded complaint rule, federal question jurisdiction is only proper when the federal question appears on the *face* of the complaint, not in any defenses that the defendant may raise, including preemption.[1]  This would suggest that as the "master[] of the complaint," and in choosing to pursue only state-law claims, Warner avoids any federal question.[2]

But under the "complete-preemption doctrine," if the power of the federal law is "so extraordinary" that it both "completely preempt[s] the state law claim and supplant[s] it with a federal claim," federal jurisdiction over the state law claim may be maintained.[3]  Penn Air argues that Section 301 of the Labor Management Relations Act ("LMRA") completely preempts the state law claims brought by Warner.  Section 301, however, only preempts state-law claims "require[ing] the interpretation of a collective-bargaining agreement."[4]  Penn Air has not shown, and the court does not find, that any of the claims remaining at issue in the amended complaint require interpretation of the CBA.  The Supreme Court has found that mere reference to the rate of pay in a CBA for the purposes of calculating damages does not rise to the level of "interpretation" of the CBA.[5]  As Warner's complaint seeks vindication of rights conferred by California statute only, and may require reference to the CBA only for wage rates and similar information, the

---

[1] *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (holding that removal based on LMRA § 301 was improper because it was a preemption defense, not a cause of action).

[2] *Id.* at 387.

[3] *Id.* at 393; *Dall v. Albertson's, Inc.,* 234 F. App'x 446, 448 (9th Cir. 2007).

[4] *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 690 (9th Cir. 2001).

[5] *See Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994).

2
Case No.: 13-1354
ORDER

complete-preemption doctrine does not apply.[6]  Accordingly, on the face of Warner's present complaint, the court has no federal question jurisdiction and the case must be remanded.

**IT IS SO ORDERED.**

Date: June 4, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[6] *See Cramer,* 255 F.3d at 694 (holding that where "plaintiffs [base] their claims on the protections afforded them by California state law, without any reference to expectations or duties created by the CBA ... their claims are neither founded directly upon rights conferred in the CBA nor 'substantially dependent upon' interpretation of the CBA terms."  California's statutory rights "guaranteed to all persons, whether or not they may happen to work subject to a CBA ... are independent of [a] CBA and not subject to § 301 preemption.").